UNITED STATES DISTRICT COURT

STATE OF UTAH

| | |
|---|---|
| **TIWANDA LOVELACE,**<br><br>                    Plaintiff,<br><br>vs.<br><br>**CHRISTOPHER SEWELL, KRISTINE K. NELSON and NEVADA DEPARTMENT OF EMPLOYMENT TRAINING AND REHABILITATION,**<br><br>                    Defendants. | **REPORT & RECOMMENDATION**<br><br>Case No.  2:23-cv-00535<br><br>District Court Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

This case was referred to Magistrate Judge Dustin B. Pead under 28 U.S.C § 636(b)(1)(B).[1] Upon review and for the reasons explained below, the court issues the following REPORT and RECOMMENDS that the District Court: (1) deny Plaintiff's Motion for Summary Judgment;[2] (2) quash Plaintiff's ineffective service on Defendants; and (3) sua sponte extend the deadline for proper service.

## BACKGROUND

Pro se Plaintiff Tiwanda Lovelace ("Plaintiff" or "Ms. Lovelace") initiated this action against Defendants Christopher Sewell ("Sewell"), Kristine K. Nelson ("Nelson") and the Nevada Department of Employment Training and Rehabilitation ("Department") (collectively

---

[1] ECF No. 12, Notice of Non-Consent and Referral; *see also* Federal Rule of Civil Procedure 73; District of Utah's General Order, 20-034.

[2] ECF No. 13, Plaintiff's Motion for Summary Judgment.

"Defendants") on August 18, 2023.³ Under Federal Rule of Civil Procedure 4(m), Ms. Lovelace had 90 days from the date her complaint was filed, or until November 18, 2023, to complete proper service. Summonses were issued for Defendants on August 18, 2023.⁴

On August 23, 2023, Plaintiff filed an executed return for the Department indicating she served the Nevada Attorney General's Office via United Parcel Service ("UPS").⁵ Plaintiff attached information from UPS showing the delivery was received by "Hernandez" at the "front desk."⁶ On that same day, Plaintiff also filed an executed return for Kristine K. Nelson.⁷ The return shows that Nelson was served by UPS with delivery on an unidentified "guard."⁸ Finally,

---

³ ECF No. 1, Complaint. Plaintiff originally listed the State of Nevada as a Defendant, but later indicated that the State should not have been listed as a party. As a result, the Clerk's Office removed Nevada as a listed Defendant and corrected the case caption. ECF No. 8, August 23, 2023, email from Plaintiff to Amy Faust, Utah District Court Clerk's Office. *But see* Nev. Rev. Stat. Ann. § 41.031(2) ("An action may be brought under this section against the State of Nevada or any political subdivision of the State. In any action against the State of Nevada, the action must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit.").

⁴ ECF No. 2, Summons issued to Christopher Sewell; ECF No. 3, Summons issued to Kristine K. Nelson; ECF No. 4, Summons issued to State of Nevada, Office of Attorney General. A Summons was not issued for Defendant Department.

⁵ ECF No. 9, Return of Summons State of Nevada Department of Employment, Training and Rehabilitation; ECF No. 11, Return of Summons State of Nevada Department of Employment, Training and Rehabilitation. The Clerk's Office initially docketed the return summons at ECF No. 11 for Defendant Christopher Sewell. *Id.* The docket, however, was later modified to reflect an error. ECF No. 16, Modification of Docket Re: 11 Summons Returned Executed. As noted, the Summons returned at ECF No. 11 was not for Defendant Sewell but for Defendant Department. *Id.*

⁶ ECF No. 9 at 5; ECF No. 11 at 5.

⁷ ECF No. 10, Return of Summons Kristine K. Nelson.

⁸ *Id.* at 5.

on November 28, 2023, Plaintiff filed an executed return of service for Christopher Sewell.[9] The return indicates Mr. Sewell was served by UPS and all documents were left with "Hernandez" at the "front desk."[10]

On November 20, 2023, Ms. Lovelace filed a motion for summary judgment based on Defendants failure "to provide or file an Answer to Complaint because there is no defense to allegations of deprivation of rights and to due process."[11] On December 11, 2023, Defendants filed an opposition to Plaintiff's summary judgment, and on December 18, 2023, Defendants filed an objection to Plaintiff's Proof of Service.[12]

## ANALYSIS

I. **Plaintiff Fails to Effect Proper Service on Defendants**

Rule 4 of the Federal Rules of Civil Procedure sets forth the method and manner for the service of a summons and complaint.[13] Plaintiff must serve all Defendants with a copy of the summons and complaint within 90 days of filing.[14] The sufficiency of service "impacts a court's ability to exercise personal jurisdiction" and a federal court does not have jurisdiction until a

---

[9] ECF No. 17, Return of Summons Christopher Sewell.

[10] *Id.* at 5.

[11] ECF No. 13, Plaintiff's Motion for Summary Judgment.

[12] ECF No. 19, Defendant's Opposition to Plaintiff's Motion for Summary Judgment; ECF No. 20, Defendant's Opposition to Plaintiff's Proof of Service. As this juncture, the Nevada Attorney General makes a limited appearance on behalf of Defendants to assist the court in understanding Nevada's service requirements. Nothing in the Nevada Attorney General's filings is construed as an official appearance and the filings do not waive any potential arguments, claims or defenses Defendants may make in this matter at a later date.

[13] Fed. R. Civ. P. 4.

[14] Fed. R. Civ. P. 4(m).

defendant is properly served.[15] Service is insufficient when a party serves the wrong person or utilizes an improper service method.

Under the federal rules, service on a state or state government organization is made by either: (A) delivering a copy of the summons and of the complaint to the chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.[16] In this case, Nevada law applies.

<u>Nevada Department Of Employment Training And Rehabilitation</u>: Plaintiff has not complied with either avenue of service allowed under Federal Rule 4.[17] First, under 4(j)(2)(A), Plaintiff has not served the Chief Executive Officer for the Department and "delivery" cannot be accomplished by certified mail.[18] In turn, Ms. Lovelace also fails to effect service pursuant to Federal Rule 4(j)(2)(B). Nevada state law requires service on both the Attorney General and the person serving in "the office of administrative head of the named agency"[19] and prohibits service

---

[15] *Ewell v. Clark,* 2023 U.S. Dist. LEXIS 98008 at *3 (E.D. Okla. May 26, 2023); *Omi Capital Int'l. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) (adequate service of a summons must occur "[b]efore a federal court may exercise personal jurisdiction over a defendant.").

[16] Fed. R. Civ. P. 4(j)(2)(A) and (B).

[17] Fed. R. Civ. P. 4.

[18] *Id.; Allen v. Knowlton,* 2022 U.S. Dist. LEXIS 204496 at *5 (D. Kan. Nov. 9, 2022) ("'Delivery' under Rule 4(j)(2)(A) cannot be accomplished by the use of certified mail."); *Nashville Cmty. Bail Fund v. Gentry,* 446 F. Supp. 3d 282, 299 (M.D. Tenn. 2020) (interpreting Rule 4(j)(2) and stating that "courts have generally held that 'deliver' as a 'term of art.' Requires more than service by mail."); *Madden v. Town of New Haven,* 2007 U.S. Dist. LEXIS 85226 at *4 (D. Vt. Nov. 19, 2007) ("Service by mail does not satisfy the delivered requirement of Rule 4(j).").

[19] Nev. Rev. Stat. § 41.031(2).

by certified mail absent a court order expressly approving mail as a suitable alternative service method.[20]

<u>Christopher Sewell</u>: Ms. Lovelace fails to properly serve Defendant Sewell in his official capacity as the Director of the Department pursuant to Federal Rule 4(j)(2).[21] First, Plaintiff has not delivered a copy of the summons and complaint to the Chief Executive Officer and "delivery" cannot be accomplished by certified mail.[22] Second, Plaintiff has not served Sewell in the manner prescribed under Nevada state law. Service on a Nevada state employee sued in their official capacity requires delivery of a copy of the summons and complaint to the Attorney General, or an individual designated to receive service on the Attorney General's behalf, and to the public officer or an agent designated by him or her to receive service.[23] Additionally, Nevada

---

[20] N.R.C.P. 4.4, Alternative Service Methods.

[21] Because Sewell is a State of Nevada employee, the court applies the service requirements set forth under Fed. R. Civ. P. 4(j)(2). *See Seal v. Louisiana,* 2005 U.S. Dist. LEIXS 36666 at ftn. 2 (E.D. La. Oct. 18 2005) ("Because each of the defendants here is a part of the government of the state of Louisiana, . . . , [the service requirements of] Rule 4(j)(2) apply[y]."). Some courts, however, also analyze service on individual state employee defendants sued in their official capacities pursuant to Federal Rule 4(e). *See Sall v. George,* 2022 U.S. Dist. LEXIS 41185 at *12 (D. Vermont Feb. 4, 2022). Here, Ms. Lovelace has not adequately executed service of process on individual Defendants Sewell or Nelson under Federal Rule 4(e) or N.R.C.P. 4.2. *See* Fed. R. Civ. P. 4(e)(1)and (2); N.R.C.P. 4.2. Plaintiff has not personally served individual Defendants, left a copy of the summons and complaint at the individual Defendants dwelling or abode with someone of suitable age, or delivered a copy of the summons and complaint to individual Defendants' authorized agent. *Id.*

[22] Fed. R. Civ. P. 4(j)(2)(A); *see supra* footnote 18.

[23] N.R.C.P. 4.2(d)(2)(A) and (B).

state law prohibits service by certified mail absent a court order expressly approving mail as a suitable alternative service method.[24]

<u>Kristine K. Nelson</u>: Plaintiff has not served Defendant Nelson in her official capacity as the Administrator for the Employment Security Division of the Department pursuant to Federal Rule 4(j)(2).[25] First, Plaintiff has not delivered a copy of the summons and complaint to the Chief Executive Officer and "delivery" cannot be accomplished by certified mail.[26] Second, Plaintiff has not served Nelson in the manner prescribed under Nevada state law. Service on a Nevada state employee sued in their official capacity requires delivering a copy of the summons and complaint to the Attorney General, or any person designated to receive service on the Attorney General's behalf, and to the public officer or an agent designated the public officer to receive service.[27] Additionally, Nevada state law prohibits service by certified mail absent a court order expressly approving mail as a suitable alternative service method.[28]

## II.     The Court Denies Plaintiff's Motion for Summary Judgment

The court denies Plaintiff's motion for summary judgment because Plaintiff does not demonstrate proper service on Defendants. Absent proper service, summary judgment is premature and denied.

---

[24] N.R.C.P. 4.4, Alternative Service Methods.

[25] *See supra* footnote 17.

[26] Fed. R. Civ. P. 4(j)(2)(A).

[27] N.R.C.P. 4.2(d)(2)(A )and (B).

[28] N.R.C.P. 4.4, Alternative Service Methods.

## **RECOMMENDATION**

The court finds service of process on all Defendants to be ineffective. As a result, the court RECOMMENDS that the District Court: (1) deny Ms. Lovelace's motion for summary judgment;[29] (2) quash Plaintiff's ineffective service; and (3) sua sponte extend the deadline for an additional 30 days, after the date the District Court enters an order on this court's Report and Recommendation, for Plaintiff to serve Defendants in accordance with applicable law.[30]

The Clerk's Office is directed to send copies of this Report and Recommendation to all parties who are hereby notified of their right to object.[31] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. Failure to object may constitution waiver of the objections upon subsequent review.

DATED this 23rd day of January 2024.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court

---

[29] ECF No. 13.

[30] Fed. R. Civ. P. 4. The District Court will enter an Order either adopting this court's Report and Recommendation or ruling on any objections filed by the parties.

[31] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).