THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TIWANDA LOVELACE,<br><br>                         Plaintiff,<br><br>v.<br><br>CHRISTOPHER SEWELL, KRISTINE K. NELSON and NEVADA DEPARTMENT OF EMPLOYMENT TRAINING AND REHABILITATION,<br><br>                         Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING [22] REPORT AND RECOMMENDATIONS AND OVERRULING PLAINTIFF'S OBJECTIONS**<br><br>Case No. 2:23-cv-00535-DBB<br><br>District Judge David Barlow |

Before the court is Plaintiff Tiwanda Lovelace's motion styled as "Motion for Timely Submitted No Consent To Magistrate Judge Form Be Recognized."[1] The court recognizes the Motion as an objection to the magistrate judge's Report and Recommendation.[2] Ms. Lovelace "requests that the courts acknowledge" the form and remove Magistrate Judge Pead from the case.[3] She also requests to remove Magistrate Judge Pead on the basis that he "has demonstrated inability to remain impartial by assisting the Defendants" in a previous case.[4] The court addresses each of the arguments in turn.

## BACKGROUND

Pro se Plaintiff Tiwanda Lovelace asserts claims under 42 U.S.C. § 1983 against Defendants Christopher Sewell, Kristine K. Nelson, and the Nevada Department of Employment

---

[1] ECF No. 23, filed January 23, 2024 [hereinafter "Mot. to Recognize Form"].
[2] ECF No. 22, filed January 23, 2024 [hereinafter "R&R"].
[3] Mot. to Recognize Form 2.
[4] Mot. to Recognize Form 2 (citing *Lovelace v. Ameriprise Fin.*, No. 2:23-cv-00293).

Training and Rehabilitation ("Department") (collectively "Defendants").[5] Pursuant to Federal Rule of Civil Procedure 4(m), Ms. Lovelace had 90 days from the date she filed her complaint to complete proper service. At her request, the court issued summonses for Mr. Sewell; Ms. Nelson; and the State of Nevada, Office of the Attorney General on August 18, 2023.[6] Because she filed the Complaint on August 18, 2023, the deadline to complete proper service was November 18, 2023.

On August 23, 2023, Plaintiff filed an executed return for Kristine Nelson.[7] The return states that the summons intended for Ms. Nelson was delivered to an unidentified "guard."[8] On the same day, Ms. Lovelace also filed an executed return for the Department, which states that she served the Nevada Attorney General's office through the United Parcel Service ("UPS").[9] The return states that the summons intended for "State of Nevada, Dept. of Employment, Training and Rehabilitation" was delivered by UPS and received at the "front desk" by an individual identified as "Hernandez."[10]

On November 20, 2023, Ms. Lovelace filed her Motion for Summary Judgment.[11] The Motion requests that the court rule in her favor because the "Defendants failed to provide or file an Answer to Complaint" and because the facts demonstrate that she was entitled to judgment as

---

[5] Compl., ECF No. 1.
[6] Summons Issued as to Christopher Sewell, ECF No. 2, filed August 18, 2023; Summons Issued as to Kristine K. Nelson, ECF No. 3, filed August 18, 2023; Summons Issued as to the State of Nevada, Office of the Attorney General, ECF No. 4, filed August 18, 2023. The summons document was initially styled as being served on the State of Nevada, but Ms. Lovelace later corrected the filing as being served on the State of Nevada, Office of the Attorney General. Utah District Court Clerk's Email to Plaintiff Tiwanda Lovelace, ECF No. 8, filed August 23, 2023.
[7] Return of Service as to Kristine K. Nelson, ECF No. 10.
[8] *Id.* at 5.
[9] Return of Service as to State of Nevada, Dept. of Employment, Training, and Rehabilitation, ECF No. 9, filed August 23, 2023 ["Return of Summons for Department"] . The Clerk's office initially docketed the return summons at ECF No. 11 for Defendant Christopher Sewell. *See* ECF No. 16. The docket was later modified to reflect the correction of the error. *Id.* ECF No. 9 and No. 11 are identical.
[10] Return of Summons for Department 5.
[11] Mot. for Summ. J., ECF No. 13 [hereinafter "MSJ"].

a matter of law.[12] On November 28, 2023, Ms. Lovelace filed an executed return of service for Christopher Sewell.[13] The return states that UPS delivered the summons to "Hernandez" at the "front desk."[14]

On January 23, 2024, Magistrate Judge Pead issued a Report and Recommendation that the court (1) deny Ms. Lovelace's Motion for Summary Judgment, (2) quash her ineffective service on Defendants, and (3) sua sponte extend the deadline for proper service.[15] Later that day, Ms. Lovelace filed her Motion to Recognize Form, which the court treats as an objection to the Report and Recommendation.[16]

## STANDARD

When resolving timely objections to a Report and Recommendation, the district court judge "shall make a de novo determination of those portions of the report . . . to which objection is made."[17] Conversely, "this court generally reviews unobjected-to portions of a report and recommendation for clear error."[18] The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[19] Moreover, because Ms. Lovelace is proceeding pro se, the court construes her filings liberally.[20] However, the court may not "assume the role of advocate for the pro se litigant."[21] And she must comply with the "fundamental requirements" of the Federal Rules of Civil Procedure.[22]

---

[12] MSJ 1, 5.
[13] Return of Service as to Christopher Sewell, ECF No. 17.
[14] *Id.* at 5.
[15] *See* R&R.
[16] Mot. to Recognize Form 1.
[17] 28 U.S.C. § 636(b)(1)(C).
[18] *Zloza v. Indus. Co.*, No. 4:23-cv-17-RJS-PK, 2023 WL 2760784, at *1 (D. Utah Apr. 3, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) and Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment).
[19] *Id.*
[20] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[21] *Id.*
[22] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

**DISCUSSION**

Ms. Lovelace contends that because she did not consent to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, Magistrate Judge Pead does not have jurisdiction over any aspect of her case.[23] She also contends that Magistrate Judge Pead has "demonstrated inability to remain impartial by assisting the Defendants in the previous case, 2:22-cv-000193 *Lovelace v. Ameriprise*, under Judge Robert J. Shelby and Magistrate Judge Dustin B. Pead."[24] The court addresses each of these objections in turn.

Under 28 U.S.C. § 636(c), parties may consent to the jurisdiction of a magistrate judge to "conduct any or all proceedings" up to and including "the entry of judgment in [a] case." When Ms. Lovelace indicated that she did not consent to the jurisdiction, she denied jurisdiction only under § 636(c). Under 28 U.S.C. § 636(b)(1)(B), a district court judge may refer a case to a magistrate judge to conduct preliminary proceedings, including "proposed findings of fact and recommendations for the disposition"[25] of "a motion . . . for summary judgment."[26] The court referred the case to Magistrate Judge Pead under § 636(b)(1)(B) on November 2, 2023.[27] Consent is not required for a referral under § 636(b)(1)(B).[28] Ms. Lovelace's objection lacks merit because her lack of consent to jurisdiction under § 636(c) has no bearing on the magistrate judge's authority to handle preliminary proceedings under § 636(b)(1)(B).

The court turns to Ms. Lovelace's objection that the magistrate judge should be removed from the case "due to inability to remain partial to Plaintiff."[29] She offers as support an allegation that "Magistrate Judge Dustin B. Pead falsely recommended and reported that the Defendants

---

[23] Motion to Recognize Form 1–2.
[24] *Id.* at 2.
[25] 28 U.S.C. § 636(b)(1)(B).
[26] § 636(b)(1)(A).
[27] Notice of Non-Consent, ECF No. 12, entered on November 11, 2023.
[28] *Garcia v. City of Albuquerque*, 232 F.3d 7660, 766 (10th Cir. 2000).
[29] Motion to Recognize Form 2.

only had 14 employees in the state of Utah, when Plaintiff provided exhibits indicating the Defendant had 1000's of employees."[30] She notes that the case was dismissed "under allegations of lack of personal jurisdiction."[31]

Under 28 U.S.C. § 455(a), all judges have an affirmative duty to recuse themselves "in any proceeding in which [their] impartiality might reasonably be questioned."[32] The statute "defines the circumstances that mandate disqualification of federal judges."[33] "The standard under § 455(a) is an objective one."[34] A judge must recuse "whenever 'a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'"[35] The court reviews the magistrate judge's report and recommendation in this proceeding and in Ms. Lovelace's prior case[36] to determine whether a person would harbor doubts about the judge's impartiality.

The magistrate judge recommends that the court deny Ms. Lovelace's Motion for Summary Judgment because she did not properly serve Defendants.[37] Rule 4 of the Federal Rules of Civil Procedure requires that all defendants must be served with a copy of the summons and complaint within 90 days of filing.[38] "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."[39] The magistrate judge reasoned that because Ms. Lovelace served Defendants by

---

[30] *Id.*
[31] *Id.*
[32] 28 U.S.C. § 455.
[33] *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988); *Harris v. Champion*, 15 F.3d, 1538, 1571 (10th Cir. 1994).
[34] *Harris*, 14 F.3d at 1571.
[35] *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993).
[36] While there is no case that matches the exact description provided by Ms. Lovelace, the court reviewed the proceedings in *Lovelace v. Ameriprise Financial, Inc.*, No. 2:23-cv-00293, 2023 WL 6908425, (D. Utah 2023).
[37] R&R 6.
[38] Fed. R. Civ. P. 4.
[39] *Omi Capital Int'l. v. Rudolf Wolff & Co*., 484 U.S. 97, 104 (1987).

certified mail, she failed to meet the Rule 4(j) requirements regarding service of process on a state or state government official.[40] Further, Ms. Lovelace failed to provide service of process in the manner prescribed by Nevada law.[41] Nevada law, like federal law, does not allow plaintiffs to effectuate service of process on government officials by certified mail.[42] Nevada law requires service on both the Attorney General and the person serving in "the office of administrative head of the named agency."[43] Ms. Lovelace failed to do so. Under the objective standard, the court finds nothing in the Report and Recommendation that would cause a person to harbor doubts regarding the magistrate judge's impartiality. The Report and Recommendation did not clearly err.

Regarding the prior proceeding, District Court Judge Robert Shelby reviewed and adopted Magistrate Judge Pead's report and recommendation and found that it "did not clearly err."[44] This too passes the objective test. In any event, that a judge allegedly erred, without more, is not enough to meet the standard for recusal or removal.

## ORDER

For the reasons stated, IT IS THEREFORE ORDERED that the Plaintiff's objection[45] is overruled. The court ADOPTS Magistrate Judge Pead's Report and Recommendation[46] in its entirety.

- Plaintiff's Motion for Summary Judgment is DENIED without prejudice.

---

[40] R&R 4–6.
[41] *Id.*
[42] *Compare* N.R.C.P. 4.2(d), 4.4, *with Constein v. United States*, 628 F.3d 1207, 1215 (10th Cir. 2010) (interpreting identical language in Fed. R. Civ. P. 4 and holding that even when state law allows for service by mail, service must be effectuated by a nonparty, meaning that a nonparty must place the summons and complaint in the mail.).
[43] Nev. Rev. Stat. § 41.031(2).
[44] *Lovelace v. Ameriprise Financial, Inc.*, No. 2:23-cv-00293, 2023 WL 6908425 at *4 (D. Utah October, 19, 2023).
[45] Mot. to Recognize Form, ECF No. 23.
[46] R&R, ECF No. 22.

- Plaintiff's ineffective service is QUASHED sua sponte under Federal Rule of Civil Procedure 12(b)(5).[47] Further, the court ORDERS that Plaintiff serve Defendants in accordance with applicable law within thirty days of this order pursuant to Federal Rule of Civil Procedure 4(m).[48]

Signed April 2, 2024.

BY THE COURT

_____
David Barlow
United States District Judge

---

[47] *Espinoza v. United States*, 52 F.3d 838 (10th Cir 1995); *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.").

[48] *Id.*