IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH

| | |
|---|---|
| **TIWANDA LOVELACE,**<br><br>　**Plaintiff,**<br><br>　vs.<br><br>**NEVADA DEPARTMENT OF EMPLOYMENT, TRAINING & REHABILITATION, CHRISTOPHER SEWELL, in his capacity as administrator, and KRISTINE K. NELSON, in her capacity as administrator,**<br><br>　**Defendants.** | **REPORT & RECOMMENDATION**<br><br>**Case No. 2:23-cv-000535**<br><br>**District Court Judge David Barlow**<br><br>**Magistrate Judge Dustin B. Pead** |

Plaintiff Tiwanda Lovelace ("Plaintiff") initiated this litigation against Defendants Christopher Sewell ("Sewell"), Kristine K. Nelson ("Nelson") and Nevada Department of Employment Training and Rehabilitation ("DETR") (collectively "Defendants") when she filed her complaint on August 18, 2023 in the United States District Court for the District of Utah.[1] In addition to Defendant State of Nevada, Plaintiff brings suit against individual Defendants Sewell and Nelson in their official capacities as employees of Nevada state agencies.

Currently pending before the court is Defendants' unopposed motion to dismiss and Defendants' motion for default judgment.[2] In their motion to dismiss, Defendants move for

---

[1] ECF No. 1, Complaint. On November 2, 2023, District Court Judge David Barlow referred this case to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(B). *See* ECF No. 12, Notice of Non-Consent.

[2] ECF No. 28, Defendants' Motion to Dismiss ("Motion"); ECF No. 34, Defendants' Motion for Default

1

dismissal of Plaintiff's claims on several grounds including sovereign immunity, lack of personal jurisdiction and improper venue.[3]

## LEGAL STANDARD

A Rule 12(b)(3) motion to dismiss is the "procedural vehicle by which to challenge improper venue."[4] A court considering a motion under Rule 12(b)(3) must "draw all reasonable inferences in favor of [Plaintiff] and resolve all factual conflicts in [Plaintiff's] favor."[5] Plaintiff bears the burden of establishing proper venue and need only make a prima facie showing to avoid dismissal.[6]

When venue is improper, "the decision of whether to dismiss or transfer [a case] lies within the sound discretion of the court."[7]

## DISCUSSION

Plaintiff asserts federal question jurisdiction based on her claim for redress under 42 U.S.C. § 1983 and Title VI.[8] Neither contains a venue provision; therefore, venue is determined under 28 U.S.C. § 1391, the general venue statute.[9]

---

Judgment. Plaintiff was granted two extensions of time to file her response to the Motion, but failed to do so. *See* ECF No. 30, Docket Text Order; ECF No. 32, Docket Text Order. *See also,* DUCivR 7-1(f) ("failure to respond timely to a motion may result in the court granting the motion without further notice.").

[3] *See generally,* ECF No. 28.

[4] *Anthony v. United Airlines, Inc.,* 2024 U.S. Dist. LEXIS 56456 at *3 (E.D. Mich. Mar. 27, 2024) (*citing Kerobo v. Sw. Clean Fuels, Corp.,* 284 F.3d 531, 538 (6th Cir. 2002)).

[5] *Hancock v. Am. Tel. & Tel. Co.,* 701 F.3d 1248, 1260 (10th Cir. 2012) (citation omitted).

[6] *Axcess Glob. Sciences, LLC v. Nutriana LLC,* 2024 U.S. Dist. LEXIS 109810 at *4 (D. Utah June 20, 2024).

[7] *Lognion v. Stallion Oilfield Servs. Ltd.,* 2023 U.S. Dist. LEXIS 207372 at *3 (W.D. Okla. Nov. 20, 2023); *see also Sleekez, LLC v. Equigroomer,* 2022 U.S. Dist. LEXIS 238478 at *9 (D. Colo. Nov. 8, 2022) (court retains "discretionary authority" to transfer for lack of venue).

Pursuant to 28 U.S.C. § 1391, a civil case may be filed in:

(1) a judicial district in which any defendant resides . . .;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to . . . personal jurisdiction.[10]

After careful review of the pleading, the court concludes, from the face of the complaint, that the District of Utah is not the proper venue for this action.

Subsection (1) is not met. None of the Defendants reside in the District of Utah, and it is not clear this court has personal jurisdiction over any of the Defendants.[11] Next, accepting all allegations as true, Plaintiff's claims bear no relation to Utah and there is no allegation that Utah is home to any events, omissions or property possibly involved in this case. Instead, Plaintiff alleges harm from a Nevada state agency, against Defendants in their official capacity, who are domiciled in Nevada and all with a common nucleus of operative facts giving rise to the events

---

[8] ECF No. 1 at 4. Plaintiff separately asserts jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1981. *See* ECF No. 1 at 4, ¶ 11. Setting aside the issue of whether the underlying case alleges a cause of action that would arise under either of these provisions, the court notes that neither contains a specific venue provision. In general, Section 1343 authorizes "federal courts to entertain section 1983 claims" and is a subset of general federal question jurisdiction set forth in Section 1331. *Ortega v. Schramm,* 922 F.2d 654, 688 (11th Cir. 1991); *see also Excalibur Homes Aaf SFR Xii NM Atl. Owner 1 LP v. Benton,* 2024 U.S. Dist. LEXIS 54468 at *7 (N.D. Ga. Feb. 27, 2024).

[9] 28 U.S.C. § 1391; *Jenkins v. O'Niel,* 2023 U.S. Dist. LEXIS 34763 at *3 (D.N.M. Mar. 2, 2023). (plaintiffs are not exempt from venue requirement "simply because they seek to vindicate federal constitutional rights.").

[10] 28 U.S.C. § 1391(b).

[11] 28 U.S.C. § 1391(c)(2) (for venue purposes, an entity resides in any district "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question.").

of Plaintiff's alleged harm occurring in Nevada. And, while Plaintiff's appears to allege that she sent and received letters from Defendants at her Utah address, the transmission of correspondence between the parties does not demonstrate that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Utah. As a result, subsection (2) does not establish venue is proper. Finally, subsection (3) does not apply because Plaintiff can bring suit against Defendants in Nevada. For these reasons, the court concludes that venue does not lie in this forum.[12]

Concluding Utah is not the proper venue, the court considers the question of whether to dismiss or transfer the case.[13] Transfer of venue is governed by either 28 U.S.C. § 1404 or § 1406. Here, because venue is improper, § 1406 governs.[14] Pursuant to § 1406, a court may dismiss or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[15] The court need not have personal jurisdiction to transfer a case under § 1406 and "lack of personal jurisdiction is one of the procedural obstacles which may be removed by a transfer."[16]

Any transfer must be in the interests of justice; otherwise the case should be dismissed.[17] Factors relevant to determining whether transfer is in the interest of justice include "whether the

---

[12] *Davis v. Louisiana State University,* 876 F.2d 412, 413 (5th Cir. 1989) (venue improper where all defendants reside in different state and events giving rise to cause of action arose elsewhere).

[13] *Emrit v. Combs,* 2024 U.S. Dist. LEXIS 48986 at *4 (N.D. Okla. March 20, 2024) (*citing* U.S.C. §§ 1404, 1406); *Doering ex rel. Barrett v. Copper Mt., Inc.,* 259 F.3d 1202, 1209 n. 3 (10th Cir. 2001) ("The district court had the authority either to dismiss or transfer the case for improper venue or lack of personal jurisdiction.").

[14] *Kesters Merch. Display Int'l v. Surface Quest Inc.,* 2022 U.S. Dist. LEXIS 85414 at *7 (D. Kan 2022).

[15] 28 U.S. C. 1406(a).

[16] *Murphy v. Carroll,* 2005 U.S. Dist. LEXIS 26582 at *3 (D. Kan. 2005) (citations omitted).

[17] *Laber v. Austin,* 2023 U.S. Dist. LEXIS 135388 at *4-5 (D. Kan. Aug. 3, 2023) ("The phrase 'if it is in

claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith. . . ."[18]

Defendants primarily urge dismissal, the court agrees. As explained in Defendants' motion, Plaintiff's claims are unlikely to have merit as Defendants identify numerous grounds for dismissal, none of which have been opposed by Plaintiff. Moreover, in addition to this case, Plaintiff has previously filed two separate cases in this District, both of which were dismissed on procedural grounds.[19] In *Lovelace v. Ameriprise Financial*, Plaintiff sued her Nevada employer Ameriprise Financial but the court dismissed the case based on insufficient contacts to establish personal jurisdiction.[20] In doing so, the court concluded Plaintiff failed to "allege any connection between her claims, [Defendant] Ameriprise and the state of Utah."[21] As here, Plaintiff repeatedly files cases raising claims against entities unconnected to Utah. This pattern evidences a general litigiousness that is not indicative of good faith. As a result, a venue transfer would not be in the interest of justice and the court recommends dismissal of Plaintiff's case without prejudice.

## RECOMMENDATION

For the reasons set forth herein, the court RECOMMENDS that Defendants' Motion be GRANTED and Plaintiff's case be dismissed without prejudice for lack of venue pursuant to

---

the interest of justice' grants the Court discretion in deciding to dismiss or transfer an action.") (citation omitted).

[18] *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008); *see also Branch v. Powell,* 2024 U.S. Dist. 88862 at *6 (D. Utah May 16, 2024).

[19] *Lovelace v. Department of Justice,* 2:22-cv-00817-HCN; *Lovelace v. Ameriprise Financial,* 2:23-cv-00293-RJS.

[20] *Lovelace v. Ameriprise Financial,* 2:23-cv-00293-RJS; ECF No. 24, Report & Recommendation; ECF No. 26, Memorandum Decision and Order Adopting Report and Recommendation.

[21] ECF No. 24 at 7.

Federal Rule of Civil Procedure 12(b)(3).[22] Based on the dismissal, Defendants' motion for default judgment is moot.[23]

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[24] The parties must file an objection to this Report and Recommendation within fourteen (14) days after receiving it.[25] Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 6th day of August, 2024.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court

---

[22] ECF No. 28.

[23] ECF No. 34.

[24] *See* 28 U.S.C. §636(b)(1), Fed. R. Civ. P. 72(b).

[25] *Id.*